PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ERNEST A. OMOTOSHO, ) | |
| ) | CASE NO. 4:11CV00441 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| GIANT EAGLE, INC., ) | |
| ) | **MEMORANDUM OF OPINION** |
| Defendant ) | **AND ORDER** |
| ) | [Resolving ECF No. 10] |

## I. Introduction

This action is before the Court upon Plaintiff Ernest A. Omotosho's ("Omotosho") Motion to Remand to State Court. ECF No. 10. Defendant Giant Eagle, Inc. ("Giant Eagle") has filed an opposition. After reviewing the supporting briefs, the Court denies the motion for the reasons set forth below.

## II. Background

Omotosho was hired by The Tamarkin Company, a wholly owned subsidiary of Giant Eagle, in August of 2002 as a clerk for the Giant Eagle supermarket store located in Boardman, Ohio. ECF No. 15 at 2-3. On February 16, 2009, Omotosho was accused by his employer of consuming a bag of nuts without paying for them in advance, in violation of his employer's Employee Purchase Policy. The policy provides that employees are required to purchase all items prior to consumption. As a result of this alleged misconduct, Plaintiff was removed from his employer's schedule. Thereafter Omotosho filed a grievance pursuant to a collective

(4:11CV00441)

bargaining agreement to which Omotosho is subject. ECF Nos. 15 at 2-3. Following the conclusion of the grievance procedure, Omotosho was discharged. ECF Nos. 1-2 at 2; 15 at 3.

On January 20, 2011, Omotosho filed the instant lawsuit in the Mahoning County Common Pleas Court seeking monetary compensation as well as equitable relief, including reinstatement to his former position. ECF No. 1-2 at 5. In the Complaint, Omotosho asserts four State law causes of action, including intentional infliction of emotional distress, defamation, and breach of contract. ECF No. 1-2.

On March 3, 2011, Giant Eagle removed the action to this Court based on the allegation that Omotosho's claims implicate a collective bargaining agreement ("CBA") that Omotosho is a subject to, and are, therefore, pre-empted by § 301 of the Labor-Management Relations Act (LMRA), 29 U.S.C. § 185. ECF No. 1. On July 7, 2011, Omotosho filed the instant motion to remand for lack of subject matter jurisdiction. ECF No. 10.

### III. Standard

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by defendant to the district court of the United States for the district and division embracing the place where such action is pending." District courts have original jurisdiction over civil actions that arise under federal law, *see* 28 U.S.C. § 1331, or that involve parties of diverse citizenship and at least $75,000 in controversy, *see* 28 U.S.C. §1332(a).

However, 28 U.S.C. § 1447 requires the Court to remand the case "[i]f at any time before final judgment it appears that the … court lacks subject matter jurisdiction." 28 U.S.C. §

2

(4:11CV00441)

1447(c)(2006). The Supreme Court recently held that this rule applies even if the case was properly removed, *i.e.*, even if jurisdiction existed at the time of removal. *Powerex Corp. v. Reliant Energy Servs.*, 127 S. Ct. 2411, 2417 (2007) (stating "that a case can be properly removed and yet suffer from a failing in subject-matter jurisdiction that requires remand") (emphasis removed). The party seeking removal bears the burden of demonstrating that the district court has original jurisdiction, and the removal statute "should be strictly construed and all doubts resolved in favor of remand." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006) (internal quotations and citations omitted).

### IV. Discussion

In the instant motion, Omotosho seeks to remand the case to State court on the grounds that the Court lacks subject matter jurisdiction. Omotosho impliedly concedes that the Complaint presented a federal question, which thereby made removal proper[1] by acknowledging that Paragraph 1 of the Complaint specifically alleges that the lawsuit "is to redress the deprivation of rights . . . pursuant to a collective bargaining agreement," which implicates LMRA, a federal law. ECF Nos. 1-2 at 1; 10 at 2. Despite this muted concession, Omotosho argues that based upon information received from Defendant during initial disclosures, no interpretation of the [CBA] is necessary to decide any claim presented by plaintiff's lawsuit." ECF No. 10 at 2. He therefore contends that his state law causes of action can no longer be said to implicate LMRA or any other federal law. ECF No. 10 at 2-5.

---

[1] Under the "well-pleaded complaint rule," federal question jurisdiction exists when a federal question appears on the face of a complaint. *See Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936).

3

(4:11CV00441)

In its opposition brief, Giant Eagle argues that not only does resolving Omotosho's claims necessitate an interpretation of the CBA, but the relief Omotosho seeks, specifically reinstatement, likewise commands an analysis of the agreement. Thus, Giant Eagle contends that LMRA pre-emption applies and that the Court is not divested of its jurisdiction. ECF No. 15. The Court agrees.

Federal question jurisdiction exists over any claim that is pre-empted by the LMRA. *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968) (explaining that since substantive federal law governs claims preempted by section 301, the claim arises "under the 'laws of the United States' within the meaning of the removal statute"). The Sixth Circuit uses a two-part test to decide whether a state-law claim will withstand Section 301 of LMRA preemption:

> First, courts must determine whether resolving the state-law claims would require interpretation of the terms of the collective bargaining agreement. If so, the claim is preempted. Second, courts must ascertain whether the rights claimed by the plaintiff were created by the collective bargaining agreement, or instead by state law. If the rights were created by the collective bargaining agreement, the claim is preempted. In short, if a state-law claim fails either of these two requirements, it is preempted by § 301.

*Mattis v. Massman*, 355 F.3d 902, 906 (6th Cir. 2004)(citing *DeCoe v. General Motors Corp.*, 32 F.3d 212, 216-17 (6th Cir. 1994)).

In the instant case, it is abundantly clear that Omotosho state law claims fail part two of the aforementioned test. As in the Sixth Circuit case, *Klepsky v. UPS*, 489 F.3d 264, 270 (6th Cir. 2007), Omotosho seeks reinstatement as relief for his state law causes of action. ECF No. 1-2 at 5. And as held by the Sixth Circuit in *Klepsky*, "this single request is enough to support preemption here, as it would require interpretation of the terms of the CBA, and implicates a

4

(4:11CV00441)

right created under the CBA." *Id.* Accordingly, the Court finds that federal subject matter jurisdiction exists. *See Klepsky*, 489 F.3d 264, 270 (finding that preemption exists under the LMRA and that removal based on federal jurisdiction was proper because the plaintiff sought re-reinstatement pursuant to a CBA).

For the reasons herein, Omotosho's motion to remand is denied.

IT IS SO ORDERED.

| | |
|---|---|
| December 29, 2011 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |